IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMMOTT STEVENSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) C.A. No. 25-24 (MN) |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents. | ) |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 4th day of September 2025;

Before the Court is Petitioner Lammott Stevenson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 7, 2025. (D.I. 2). Petitioner was convicted for first-degree robbery, first-degree burglary, and other offenses on November 9, 2012. *See State v. Stevenson*,[1] No. 1201020817A, 2024 WL 2974594, at *1-2 (Del. Super. Ct. June 13, 2024). On March 22, 2013, Petitioner was declared a habitual offender and sentenced to 192 years of unsuspended Level V time. *See id.* at *2. On January 13, 2014, the Delaware Supreme Court affirmed the judgment of the Delaware Superior Court. *See id.* Petitioner then filed a motion for postconviction relief, which was denied by the Delaware Superior Court on May 26, 2015. *See id.* The Delaware Supreme Court affirmed that denial on February 10, 2016. *See id.* Thereafter, Petitioner filed his first Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("2016 Petition"), which this Court adjudicated on the merits and denied. *See Stevenson v. Lamas*,

---

[1] The reference cited is the Delaware Superior Court's Memorandum Opinion in response to Petitioner's third motion for postconviction relief, which is filed in the docket as D.I. 6 at 1-14.

C.A. No. 16-157 (MN), 2018 WL 6201715 (D. Del. Nov. 28, 2018) (denying petition on grounds that claims raised were procedurally barred, not cognizable on federal habeas review, and meritless).

On February 17, 2021, Petitioner filed a second motion for postconviction relief, which was summarily dismissed by the Delaware Superior Court. *See Stevenson*, 2024 WL 2974594, at *2. On January 29, 2024, Petitioner filed his third motion for postconviction relief, which was denied by the Delaware Superior Court on June 13, 2024. *See id.* The Delaware Supreme Court affirmed the denial of Petitioner's third motion for postconviction relief on October 11, 2024. *See Stevenson v. State*, No. 261, 2024, 2024 WL 4481499 (Del. Oct. 11, 2024). Petitioner thereafter filed the Petition currently pending before the Court, contesting the same custody imposed by the same judgment as in his 2016 Petition.[2]

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See* 28 U.S.C. § 2244(b)(3)(A); Rules Governing Section 2254 Cases in the United States District

---

[2] The Court notes that, in the instant Petition, Petitioner identified the case number of the judgment of conviction being challenged as "261, 2024," which is the case number associated with Petitioner's appeal to the Delaware Supreme Court regarding the denial of his third motion for postconviction relief. (D.I. 2 at 1; D.I. 6 at 15-19). Similarly, Petitioner identified the "Supreme Court of the State of Delaware" as the court that entered the judgment. (D.I. 2 at 1). From the contents of the Petition, however, it is clear that the judgment being challenged is the 2012 conviction and corresponding 2013 sentencing. (D.I. 2).


Courts, Rule 9, 28 U.S.C. foll. § 2254; *see also Burton* at 152-53. Whether a petition is "second or successive" is determined by looking at "the judgment challenged" and if it is filed after "the petitioner has expended the 'one full opportunity to seek collateral review' that AEDPA ensures." *See United States v. Santarelli*, 929 F.3d 95, 104 (3d Cir. 2019) (quoting *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011)); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)).

The instant Petition challenges the same judgment as the 2016 Petition, which was adjudicated on the merits and, therefore, is a second or successive habeas corpus application. Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. Consequently, the Court lacks jurisdiction to consider the instant unauthorized second or successive habeas request.[3] *See Burton*, 549 U.S. 147 (holding district court lacked jurisdiction to entertain habeas petition because petitioner did not obtain order authorizing him to file second petition); *Blystone*, 644 F.3d at 412 (stating failure of petitioner to seek authorization from appellate court before filing second or successive habeas petition acts as a jurisdictional bar).

THEREFORE, IT IS HEREBY ORDERED that:

1.     Petitioner Lammott Stevenson's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (D.I. 2) is DISMISSED for lack of jurisdiction because it is an unauthorized second or successive habeas petition. *See* Rules Governing Section 2254 Cases in the United

---

[3]     The Court notes that one of Petitioner's four grounds for relief alleges actual innocence proven through "new evidence." (D.I. 2 at 5). Such a claim is likewise bound by the gatekeeping provisions of 28 U.S.C. § 2244 requiring authorization from the appropriate court of appeals for the district court to consider any second or successive habeas corpus application. *See* 28 U.S.C. § 2244(b).

States District Courts, Rule 4, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions).

2. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (D.I. 1) and Motion for Appointment of Counsel (D.I. 5) are DENIED as moot.

3. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011).

4. The Clerk is directed to close the case.

_____
The Honorable Maryellen Noreika
United States District Judge